ROYSTONE v. JOHN H. WOODBURY DERMATOLOGICAL INSTI-
TUTE et al.

(Supreme Court, Trial Term, New York County, April, 1910.)

*(Syllabus by the Judge.)*

**1. TROVER AND CONVERSION (§ 1*)—CONVERSION—WHEN MAINTAINABLE.**

An action in the nature of trover does not lie for the betrayal of a trade-secret, confided to the defendant upon his promise to keep the secret.

[Ed. Note.—For other cases, see Trover and Conversion, Dec. Dig. § 1.*].

**2. ACTION ON THE CASE (§ 1*)—BETRAYAL OF TRADE SECRET.**

An action of tort in the nature of trespass on the case lies under such circumstances.

[Ed. Note.—For other cases, see Action on the Case, Dec. Dig. § 1.*].

**3. DAMAGES (§ 12*)—NOMINAL DAMAGES.**

Nominal damages only are recoverable, unless actual damages are proven.

[Ed. Note.—For other cases, see Damages, Cent. Dig. § 31; Dec. Dig. § 12.*]

Action by Marie Roystone against the John H. Woodbury Dermato-logical Institute and another. Verdict for nominal damages against defendant Institute, and dismissal of complaint against defendant Buggeln. Motion for new trial granted as to Buggeln, but denied as to the other defendant.

John S. Cooper, for plaintiff.
R. S. Nichols, for defendants.

WHITNEY, J. This is not, and cannot now be claimed by plaintiff to be, an action ex contractu. On the trial she treated it as one in trover for the conversion of an idea, namely, her secret formula for removing smallpox pits, birthmarks, and other scars from the human face; but trover lies only for the conversion of tangible personal property, or of tangible evidence of title to intangible or real property. The copy of her formula which was left with the defendants was not an evidence of title, as she herself points out. It was of no more value to her than a piece of waste paper. Her complaint was therefore dismissed at the close of her case as against the individual defendant, Robert Buggeln, and would have been then dismissed as against the Institute if a dismissal had been asked.

I think, however, that the ruling was erroneous. By the written agreement between plaintiff (calling herself Madam Marie) and the Institute, executed by Buggeln, as president of the latter, she entered its employ for one year from May 1, 1907; the Institute having an option to continue the employment for two years more. She was to maintain a sanitarium and use her cure there. The Institute was to spend $10,000 per year in advertising it and pay her a salary of $70 per week, plus 20 per cent. of the excess over $1,083.30 per month of the aggregate amount paid during the month by patients actually treated by her. It was provided that before entering upon the performance of her duties she was to "disclose and exhibit said formula" to

Buggeln, "and it shall.not be divulged by him so long as Madam Marie continues in the employ of the Institute." Whether or not it could be divulged by him after April 30, 1908, is not stated, and is not clear; nor is it necessary now to decide. It was not expressly provided that she should deposit a copy of the formula with him; but she did so. He must be regarded as having accepted it upon a tacit agreement to act as a repository thereof, and to keep it secret for at least a year. This agreement he broke, according to testimony which must, upon the present motion, be assumed to be true. He told the secret to employés of the Institute, who used it at cut rates upon patients who could not afford to pay plaintiff's prices.

While the subject is somewhat obscure, I think that the action is sustainable against Buggeln as one in trespass on the case; his breach of duty being tortious in nature. "So, if a man, being intrusted in his profession, deceive him who intrusted him, as if a man retained of counsel * * * discover the evidence or secrets of the cause," the action will lie. Comyn's Digest, "Action upon the Case for a Deceipt," A, 5. The complaint, indeed, does not contain any words characteristic of an action in tort; but this objection, if tenable at all, must be regarded as having been waived by not taking it at the trial. Collins v. Butler, 179 N. Y. 156, 162, 71 N. E. 746. As against the Institute the sustainability of an action in tort is more doubtful, but the question does not arise upon this motion.

The only evidence tending to prove damage is that above referred to. No attempt was made to show how much money the Institute took in by its illegitimate use of plaintiff's formula. One witness testified that she was promised a cure for $50, because she could not pay plaintiff's price of $150, and that she was treated twice; but not even she was asked if she paid. It was to the interest of the Institute to have the treatment given by plaintiff, since at her price its share.of the fee would be $120, instead of $50, while she would do all the work. She was discharged in December, 1907; but no evidence is offered as to whether her formula was used after that. Under the circumstances there was no basis for any verdict for a substantial amount. There might be, however, upon another trial. Hence the error as to the individual defendant cannot be disregarded. Thomson-Houston Co. v. Durant Co., 144 N. Y. 34, 49, 39 N. E. 7.

The motion for a new trial is therefore granted as to defendant Buggeln, but denied as to the other defendant.