[Civ. No. 1275.   Second Appellate District.—March 12, 1913.]

SPASJE VUJACICH, Respondent, v. SOUTHERN COMMERCIAL COMPANY (a Corporation), et al., Defendants; LEWIS FARMER et al., Defendants and Appellants

CORPORATIONS—LIABILITY OF DIRECTORS FOR MISAPPROPRIATION OF TRUST FUNDS.—Where a corporation, ostensibly organized to carry on a grocery and liquor business, has made a practice of receiving deposits from laborers for safekeeping and using such deposits in its business, the directors may be held personally responsible for the misappropriation, even though they may not have had actual knowledge thereof.

ID.—PRESUMPTION OF KNOWLEDGE BY DIRECTORS.—Where the business of receiving deposits by a corporation is so general as it was with the corporation defendant, it must be presumed that the directors had full knowledge of the manner in which such moneys were kept or used; and unless a showing is made of some excuse, such as a protest offered by the director not consenting to the misappropriation and of steps taken by such director to prevent loss from accruing to the depositors, he becomes personally liable to the persons damaged.

ID.—ERRORS NOT ARGUED IN BRIEF.—Alleged errors of the trial court in admitting and rejecting testimony, which are not the subject of argument by the appellants in their brief, may be disregarded by the appellate court.

ID.—FAILURE OF FINDINGS AS TO ONE CAUSE OF ACTION.—Where a third cause of action set forth in a complaint alleges in another form the cause of action stated in the two preceding counts, and does not add materially to the statement of facts contained in other parts of the complaint upon which findings are made, the failure to find upon the third cause of action is not prejudicial error.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. Paul J. McCormick, Judge.

The facts are stated in the opinion of the court.

Powers & Holland, for Appellants.

E. T. Sherer, H. M. James, and Andrew M. Strong, for Respondent.

JAMES, J.—Plaintiff, on his own behalf and as assignee of a number of other persons, sued to recover the sum of $5,861.75 and to obtain certain injunctional relief, all of which was awarded to him by the judgment of the trial court. Defendant Southern Commercial Company was organized as a California corporation in the year 1904, with defendants J. L. Hansard, John Galetich, Lewis Farmer, and R. E. Hansard as directors. These persons continued to be directors up to the time of the commencement of the action. The ostensible business of the corporation, as stated in its articles of organization, was to carry on a wholesale and retail business in the selling of groceries, provisions, wines, liquors, cigars, et cetera. A small store-room was kept on Commercial Street in the city of Los Angeles, containing a stock of merchandise of the value of about four or five hun-

dred dollars. J. L. Hansard was the manager of the business and Lewis Farmer the secretary. John Galetich, another director, was also active in the handling of the company's business at its store-room. Plaintiff and his assignors were Slavonian laborers and workmen, who from time to time deposited with defendant corporation their savings for safe keeping. The evidence shows that it was understood that this money was to be kept for the use of the depositors and it does not show that there was any understanding that the money so deposited might be used by the defendant in the transaction of its business. Deposits were made at different times by the laborers, so that at the time this action was brought the total sum of money deposited amounted to that for which judgment was secured. Shortly after the organization of the corporation manager Hansard went to Tennessee to establish a distillery. The money of plaintiff and his assignors, instead of being kept separately, was deposited generally to the credit of the defendant corporation in a Los Angeles bank and mingled with the other funds of the corporation. The distillery was established in Tennessee and the manufacture of whisky there commenced, and money was from time to time drawn from the account of defendant company to cover expenses incident to the distillery business. Some of the product of the distillery was sold from the store of the defendant in Los Angeles. Just prior to the commencement of this action demand was made upon the officers of the defendant corporation for the return of the money deposited by plaintiff and his assignors, which demand was refused, and upon investigation it was found that the company had no funds or property except of a mere nominal value located in this state. In the complaint in this action it was alleged that, with intent to defraud, the money of plaintiff and his assignors had been converted and used in the distillery business and that the title to the distillery had been kept in a name other than that of the Southern Commercial Company, all for the purpose of effecting a concealment of the property of the corporation and defrauding its creditors. By its judgment the trial court determined all of these issues in favor of plaintiff, and issued its injunction preventing defendants from transferring any of the property of the corporation and appointing a receiver to take posession of the

assets thereof. Lewis Farmer and R. E. Hansard, directors of defendant corporation, appealed from the judgment and an order denying their motion for a new trial, but so far as appears neither the defendant corporation nor either of the other individual defendants have taken an appeal. Therefore, the only portion of the judgment necessary to be considered on this appeal is that which awards to plaintiff the right to recover against the two individual directors. Thus simplified the questions presented may be briefly disposed of.

The main point urged by appellants is that as directors they were not individually responsible for the misappropriation by other officers of the corporation of the funds deposited by plaintiff and his assignors. Under the evidence as shown by the record, it would appear that the act of the officers in improperly converting the money of plaintiff and his assignors amounted to the embezzlement thereof. Such act would be a tort for which all persons concerned could be held personally liable. The managing agents of the corporation solicited the Slavonian laborers to deposit their money with the company, and the fund so made up constituted a large part of the cash account shown to have been placed to the credit of defendant company at a Los Angeles bank. The manager, Hansard, was the husband of appellant Hansard, and he was perhaps the most active of all the persons concerned in handling the business of the company. Appellant Farmer lived a number of miles out of the city, but it was shown that he frequently visited the company's store; that as secretary he had signed and issued certificates of stock of the corporation, and he had been seen on different occasions conversing with the manager, Hansard, and at times examining the books at the store. At the trial there was an absence of books and records of the company, it being tesified by some of the witnesses that no books of account were regularly kept. As to appellant Farmer, there was ample evidence justifying the trial court in determining that he was personally liable to plaintiff on the ground that he must have had actual knowledge of the receipt and misappropriation of the money intrusted to the company by the Slavonians. It is true that no directors' meetings were shown ever to have been held and no evidence was introduced showing that actual knowledge was brought home to director R. E. Hansard of

the condition of the affairs of the company, or its conduct with respect to the money of plaintiff and his assignors. On the other hand, this appellant did not testify or offer any proof showing that she had no such knowledge, or that she could not have obtained it by the exercise of ordinary diligence as a director of the company. Where the business of receiving deposits by a corporation is so general as it was with the corporation defendant herein, it must be presumed that the directors had full knowledge of the manner in which such moneys were kept or used, and unless a showing is made of some excuse, such as a protest offered by the director not consenting to the misappropriation and of steps taken by such director to prevent loss from accruing to the depositors, such director becomes personally liable to the persons damaged. In the case of *Winchester* v. *Howard*, 136 Cal. 433, [89 Am. St. Rep. 153, 64 Pac. 692, 69 Pac. 77], while that decision involved different facts, much of what is there said is pertinent as an argument in support of the judgment against appellants. In that decision it is declared that "directors and officers of corporations, as well as trustees, have always been held responsible for loss resulting from misappropriations of the trust property made by them or with their consent." A portion of the argument made in the brief of counsel for appellants, touching that part of the judgment of the court which determined that the money of plaintiff had been appropriated for the purposes of the purchase and carrying on of a distillery, would be pertinent were an appeal taken by the defendant company. The judgment as to the corporation and all of the individual defendants, excepting the two mentioned as appellants, is not subject to review on this appeal. The proof was ample to sustain the allegation that the money plaintiff sued to recover had been deposited with the officers of the corporation for safe keeping and that it had been embezzled by them.

Some points are made as to alleged errors committed by the court in its rulings on the admission and rejection of testimony, but as these errors are not the subject of any argument by appellants in their brief, they may be passed without further notice.

As a third cause of action, plaintiff alleged in another form the cause of action set forth in the two preceding counts,

evidently intended to make more clear the charge of personal liability against the directors under the constitutional provision relating thereto. The trial court made no findings upon that alleged cause of action and it is complained that prejudicial error was thereby committed affecting the rights of appellants. Ordinarily where no findings are made as to an allegation or cause of action, it will be presumed that no evidence responsive thereto was introduced. In this case the alleged third cause of action did not add materially to the statement of facts contained in that portion of the complaint upon which the findings were made. There being sufficient evidence to sustain the findings as based upon other counts of the complaint, appellants cannot complain because the court failed to find upon issues made in a third count; because, even had any additional facts other than those determined by the findings of the court been found to be in favor of appellants, as based upon the third count, the result would not have been changed.

No prejudicial error appearing, it follows that the judgment and order appealed from should be affirmed, and it is so ordered.

Allen, P. J., and Shaw, J., concurred.