[No. 26227. Department Two. November 30, 1936.]

THOMAS DODSON, *Appellant,* v. ECONOMY EQUIPMENT Co., INC., *et al., Respondents.*[1]

*Ralph Woods,* for appellant.

*A. H. Denman,* for respondents.

[1] Reported in 62 P. (2d) 708.

TOLMAN, J.—Appellant, as plaintiff, brought this action to recover the value of certain personal property alleged to have been converted by the defendants. Trial was had to the court, sitting without a jury, resulting in the making of findings of fact and conclusions of law by the court and the entry of a judgment against the corporate defendant, only, for a substantial sum. The individual defendant was dismissed.

The plaintiff has appealed from that part of the judgment which dismissed the individual defendant, claiming that the facts found established the liability of the individual to the same extent as the corporate defendant is liable.

The trial court made findings and conclusions as follows:

"That on the 24th day of July, 1929, the plaintiff and one A. M. Lauridsen, purchased from the Economy Ice Machine Co., a corporation, of which the defendant F. L. Denman was president, one ice machine for the purchase price of $1441.05; that thereafter on the 17th day of August, 1929, the parties signed a conditional sales contract for the same wherein and whereby the Economy Ice Machine Co. should hold the title to said property until the full purchase price was paid, and that plaintiff was given the possession of said ice machine.

"That the said Economy Ice Machine Co. thereafter assigned its interest in said contract to the Bank of California, N. A., a corporation.

"That thereafter the Economy Ice Machine Co. name was changed to Economy Equipment Co. Inc.

"That the said plaintiff continued to make payments on said ice machine but not according to the terms of said contract, and that on August 27, 1934, said ice machine was paid for except the sum of $19.46;

"That during the month of July, 1935, the plaintiff left the said ice machine equipment with the defendant, Economy Equipment Co., Inc., for sale with the understanding and agreement between the said plaintiff and the defendant that the said machine and equipment

would be sold, the said defendant, Economy Equipment Co. was to deduct the balance due on the machine of $19.46, $15.00 paid for taxes, that it would pay the balance due on the taxes, deduct 10% commission for making the sale and the proceeds were to be remitted to the plaintiff.

"That the said defendant through its president and general manager, F. L. Denman, disposed of said machine and converted the proceeds of the sale to the use of the defendant, Economy Equipment Co.; that the defendants failed, neglected and refused to pay over to the plaintiff after due demand the proceeds.

"The court further finds that the defendant sold the motor of said machine for $30, the ice set for $25 and the machine for $460, making a total of $515.

"The court further finds that at no time did the defendant Economy Equipment Co., give notice to the plaintiff of intention of cancellation of the conditional sales contract, nor did the defendant give any notice of cancellation of said contract.

"The court further finds that $40 is a reasonable sum to be allowed defendant, Economy Equipment Co., for removal of said machine from plaintiff's place of business.

"The court further finds that the defendant, F. L. Denman, as president and general manager had charge of the defendant, Economy Equipment Co.'s business and actively participated in converting the proceeds of said sale to the defendant Economy Equipment Co.

E. D. HODGE, Judge

"From the foregoing Findings of Facts the court makes the following:

## "CONCLUSIONS OF LAW

"That the plaintiff is entitled to judgment against the defendant, Economy Equipment Co. for the sum of $515 less $40 for the removal of said machine and less $15 taxes paid and less 10% commission for making said sale, or a judgment of $414.

"That the action against the defendant F. L. Denman be dismissed.

"That in the event that the Economy Equipment Co. defendant, pays any tax that was due prior to the con-

version that the same may be credited upon the judgment.

"That the plaintiff is entitled to his costs and disbursements against the defendant, Economy Equipment Co."

The gist of these findings is that the corporation converted the property and that its president and general manager, respondent F. L. Denman, actively participated in the conversion. The only question of law presented is whether or not such participation is sufficient to make Denman a party to the wrong done and liable for the loss suffered.

The liability of an officer of a corporation for his own tort committed within the scope of his official duties is the same as the liability for tort of any other agent or servant. That the agent acts for his principal neither adds to nor subtracts from his liability. 7 Labatt's Master & Servant (2nd ed.), § 2590.

To be liable personally, the officer or agent must, in fact, assist his principal in the conversion. 7 Labatt's Master & Servant (2nd ed.), § 2588.

Where the officer performs an act or a series of acts which would amount to conversion if he acted for himself alone, he is personally liable, even though the acts were performed for the benefit of his principal and without profit to himself personally. *Messer-Moore Ins. & Real Estate Co. v. Trotwood Park Land Co.*, 170 Ala. 473, 54 So. 228; Ann. Cas. 1912D, 718; *Swim v. Wilson*, 90 Cal. 126, 27 Pac. 33, 25 Am. St. 110, 13 L. R. A. 605; *United Society of Shakers v. Underwood*, 72 Ky. 609, 15 Am. Rep. 731; *Kimball v. Billings*, 55 Me. 147, 92 Am. Dec. 581; *Hempfling v. Burr*, 59 Mich. 294, 26 N. W. 496; *Passaic Falls Throwing Co. v. Villeneuve-Pohl Corp.*, 169 App. Div. 727, 155 N. Y. S. 669; *Vujacich v. Southern Commercial Co.*, 21 Cal. App. 439, 132 Pac. 80; 1 Mechem on Agency (2nd ed.), § 1455.

We have applied the same rule when the officer was charged with a crime. *State v. Thomas,* 123 Wash. 299, 212 Pac. 253, 33 A. L. R. 781.

The rule as we have outlined it seems to be the general, if not the universal, rule.

Since no statement of facts has been brought up, the findings are conclusive, and it follows that, under the facts found, judgment should have been entered against both of the defendants.

Reversed and remanded for the entry of a correct judgment.

MILLARD, C. J., HOLCOMB, MITCHELL, and BEALS, JJ., concur.