J. C. THOMPSON, Plaintiff,

v.

MOBIL PRODUCING COMPANY, a corporation, and C. E. Carlson, Defendants.

Civ. No. 158.

United States District Court
D. Montana,
Billings Division.
July 15, 1958.

Sandall, Moses & Cavan, Billings, Mont., for plaintiff.

Robert H. Asher, Cooke, Moulton, Bellingham & Longo, Billings, Mont., for defendant Mobil Producing Co.

JAMESON, District Judge.

This is a diversity case, in which plaintiff has filed a motion to remand to the state court, which is resisted by defendant Mobil Producing Company. Plaintiff and the defendant Carlson are citizens and residents of Montana. The defendant Mobil is a citizen and resident of Delaware. The sole question for determination is whether the amended complaint states a cause of action against the defendant Carlson.

Title 28 U.S.C.A. § 1441(b) provides that diversity cases may be removed to federal courts " * * * only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought." 28 U.S.C.A. § 1447(c) provides that, "If at any time before final judgment it appears that the case was removed improvidently and without

jurisdiction, the district court shall remand the case * * *". If the amended complaint does not state a cause of action against Carlson, the motion for remand should be denied. Thiel v. Southern Pac. Co., 9 Cir., 1942, 126 F.2d 710, certiorari denied 316 U.S. 698, 62 S.Ct. 1295, 86 L.Ed. 1767; Smith v. Southern Pac. Co., 9 Cir., 1951, 187 F.2d 397. This question must be determined according to plaintiff's pleading at the time of removal. Pullman Co. v. Jenkins, 305 U.S. 534, 537, 59 S.Ct. 347, 349, 83 L.Ed. 334; Thiel v. Southern Pac. Co., supra.

The amended complaint alleges that Carlson is employed by Mobil as district geologist, and in that capacity receives from independent geologists oil prospects for drilling and development; that plaintiff, an independent consulting geologist, submitted to defendant Mobil a confidential oil and gas prospect, seeking to have this defendant join in the drilling of a well upon certain terms and conditions set forth in the amended complaint, including the transfer by plaintiff to Mobil of certain options to lease and the payment to plaintiff by Mobil of $5 an acre, or a total of $13,000, plus a 2½% overriding royalty; that a complete geological report was submitted by plaintiff, giving to Mobil "a full, complete and confidential report of the prospects of this land for prospecting oil and gas"; that plaintiff conferred with Carlson concerning the prospect and the confidential oil information so submitted and was advised by Carlson that plaintiff's prospect was not good; that the prospect was rejected by Mobil; that "defendants" in bad faith "did cause its agents, representatives and employees" to complete extensive surface and sub-surface geology; that defendant Mobil, after the expiration of plaintiff's options, acquired leases to the lands covered by said options and commenced the drilling of a well; that the acts of the defendants were the result of the confidential oil information received from plaintiff; that the defendant Mobil, in acquiring the lands and drilling the prospect, used the confidential oil information owned by plaintiff without his authority or consent "and did convert such confidential oil information to their own use and benefit and unjust enrichment". Plaintiff prays judgment:

"1. That the defendants and each of them are holding title to the leases in question in accordance with the terms of the proposal of plaintiff * * *.

"2. That defendants pay to plaintiff damages in the sum of $13,000.00 together with a 2½% overriding royalty on the working interest of the defendants in the lands under lease."

Plaintiff's counsel state in their brief and in oral argument that the pleadings "are based in large measure upon the case of Ballard v. Claude Drilling Co., 1939, 149 Kan. 506, 88 P.2d 1021, 1024 where the court held that the petition stated a cause of action to establish and enforce a constructive trust. No employee of the defendant was there joined as a party. Counsel argue further that "in the creation of a constructive trust, it is in some respects a conversion". Does the amended complaint state a cause of action against Carlson in either (1) conversion or (2) as a constructive trustee?

It was held in Ballard v. Claude Drilling Co., supra, that the oil information respecting the leases constituted "business or trade secrets". It has been held that conversion does not lie for "trade secrets" and similar intangible property. Olschewski v. Hudson, 1927, 87 Cal.App. 282, 262 P. 43; Roystone v. John H. Woodbury Dermatological Inst., 67 Misc. 265, 122 N.Y.S. 444. Personal property is the subject of conversion "if of a tangible nature, or if it is tangible evidence of title to intangible or real property". See 89 C.J.S. Trover and Conversion §§ 11 and 12, p. 538, and cases there cited. In my opinion, "confidential oil information" is not property which is the subject of an action in conversion.

Assuming, arguendo, that an action in conversion will lie for "confidential oil information", has plaintiff alleged acts of the defendant Carlson sufficient to constitute a conversion on his part?

In an action of conversion the complaint must allege that the plaintiff owned the property, the value of the property, and the acts of the defendant which deprived the plaintiff of the property. Interstate Nat. Bank v. McCormick, 1923, 67 Mont. 80, 214 P. 949, 951, 34 A.L.R. 721. "The essence of conversion is not the acquisition of property by a wrongdoer, but a wrongful deprivation of it to the owner * * *" 89 C.J.S. Trover and Conversion § 3, p. 533.

With respect to Carlson the amended complaint simply alleges that plaintiff conferred with Carlson concerning his prospect and was advised by Carlson that the area in question was not a good prospect, together with the general allegations that the "defendants" did cause "its agents, representatives and employees" to conduct further geological work, and that "defendants" wrongfully excluded plaintiff from "any interest in the property and from the use and benefit of his geological report and his labor * * *".

Since the essence of conversion is wrongfully depriving the owner of his property the conversion in this case, if any, would seem to be the act of rejecting the prospect. But there could be no conversion at that time because the defendants had every right to reject the prospect. Nor does there seem to be any wrong in the actions of the defendants in conducting further surveys in the area. The cause of action in conversion, if any, must have arisen when Mobil acquired leases and commenced drilling on the land which was covered by plaintiff's prospect. There is no allegation that defendant Carlson participated in these acts. It is therefore clear that the amended complaint does not state a cause of action in conversion against Carlson apart from that against Mobil. The question remains whether Carlson by his dealings with plaintiff can be considered to have "assisted" his principal in converting plaintiff's property.

Corpus Juris Secundum states that "* * * an agent who wrongfully converts another's property, or who assists his principal in so doing, is personally liable for conversion * * *" 3 C.J.S. Agency § 221, p. 132. To the same effect is an annotation in 20 A.L.R. 120. However, in order for an agent to "assist" his principal in converting property, the agent must actually participate in the acts which amount to conversion Restatement of Agency, § 349, reads in part: "An agent who does acts *which would otherwise constitute conversion* of a chattel is not relieved from liability by the fact that he acts on account of his principal * * *". (Emphasis supplied.) In Dodson v. Economy Equipment Co., 1936, 188 Wash. 340, 62 P.2d 708, a case cited in both briefs, the rule is stated as follows: "Where the officer performs an act or a series of acts which would amount to conversion if he acted for himself alone, he is personally liable even though the acts were performed for the benefit of his principal and without profit to himself personally." 62 P.2d at page 709.

Plaintiff cites several cases in which an agent was held liable for conversion by the principal, but in each case the agent either did the act which constituted the conversion or actively participated in it. Typical of these cases is Ping v. Kershaw, 1923, 89 Okl. 43, 213 P. 840, where the defendant, having sold certain hay, was sued for conversion. He contended that he had simply acted as an agent for a third person and was therefore not liable for conversion. In rejecting this contention the court quoted from 20 A.L.R. 120 as follows: "An agent or servant who assists the principal or master in converting property of a third person to the use of the principal or master is personally liable to the true owner for the loss thereby inflicted upon him." That annotation refers to no cases holding an agent liable for conversion where the agent did not actually partici-

pate in at least some of the necessary elements of conversion.

The case of Harri v. Isaac, 1940, 111 Mont. 152, 107 P.2d 137 is somewhat analogous to the instant case. There a sheriff was sued for wrongfully acquiescing in an order releasing property from his custody, thereby enabling one Kirby to obtain possession of it. The court said: "As well stated in 3 C.J.S. Agency § 256, p. 190, 'no one ever understood that the mere fact that a person made it possible for another to commit a wrongful act bound him for such acts of the other person.'" Id., 107 P.2d at page 142. Under the allegations of the amended complaint in this case the most that Carlson did was to assist in putting Mobil in a position where it could convert the property.

■ The amended complaint in my opinion fails to state facts sufficient to constitute a claim upon which relief may be granted against the defendant Carlson on the theory of conversion.

■ As stated above, plaintiff's claim for relief is based primarily upon the theory of constructive trusts. A constructive trust, however, is a "remedial device by which the holder of legal title is held to be a trustee for the benefit of another who in good conscience is entitled to the beneficial interest." 89 C.J.S. Trusts § 139, p. 1015. See, also, Revised Codes of Montana 1947, §§ 86–203, 86–209, 86–210; Mather v. Musselman, 1927, 79 Mont. 566, 257 P. 427, 429. In this case there is no allegation that Carlson was in possession of any property upon which a trust might be imposed.

■ Plaintiff relies upon Ohio Oil Company v. Sharp, 10 Cir., 1943, 135 F.2d 303, an action to impress a constructive trust upon certain oil and gas leases. A geophysical company was employed to conduct certain physical surveys for Ohio. An employee of geophysical wrongfully obtained and imparted valuable information to defendant. In holding that the complaint stated a cause of action, the court said in part: "He (defendant) was also constituted the con-structive trustee of the Ohio, and as such acted for and on its behalf in the acquisition of the leases." At page 306. There is no allegation in the instant case that Carlson imparted any information wrongfully, participated in the acquisition of any leases, or holds any property upon which a constructive trust might be imposed. It is expressly alleged that the leases were acquired by Mobil.

Plaintiff has failed to state a claim against the defendant Carlson upon which relief may be granted either in conversion or for the imposition of a constructive trust.

The motion to remand is denied.