No. 12813

IN THE SUPREME COURT OF THE STATE OF MONTANA

1975

---

NORMAN STRUNG and PRISCILLA STRUNG,

Plaintiffs and Appellants,

-vs-

L. D. W. ANDERSON, HANK FEDDES, CARL
SMITH and LES GEE,

Defendants and Respondents.

---

Appeal from: District Court of the Eighteenth Judicial District,
Honorable W. W. Lessley, Judge presiding.

Counsel of Record:

For Appellants:

Berger, Anderson, Sinclair and Murphy, Billings,
Montana
James J. Sinclair argued, Billings, Montana

For Respondents:

Corette, Smith and Dean, Butte, Montana
Dolphy O. Pohlman, Jr. argued, and Kendrick Smith,
appeared, Butte, Montana

---

Submitted: January 13, 1975

Decided: FEB 11 1975

Filed: FEB 11 1975

Thomas J. Kearney
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from a summary judgment granted by the district court, Gallatin County, in favor of defendants, respondents here.

Appellants are residents of Gallatin County. Respondents are L.D.W. Anderson, then sheriff of Gallatin County and three deputy sheriffs of that county. On July 23, 1967, a search warrant was issued at the request of the Bozeman chief of police and at the direction of the Gallatin County attorney, by a justice of the peace, directing respondents and peace officers to search the home of appellants Norman Strung and Priscilla Strung. Respondents had nothing to do with the investigative work preparatory to requesting the search warrant, nor did they participate in any way in obtaining the warrant. It was later determined that the search warrant was erroneously obtained from a justice of the peace, not from the district court.

Respondents' depositions reveal they were accompanied by the county attorney and his staff along with city policemen in two searches for drugs. None of respondents, though present, did any of the arresting of individuals involved but appellant Strungs were imprisoned at the county jail where they were held for several days until bail could be arranged at the direction of the county attorney. Appellants were charged with the possession of dangerous drugs, which charge was dismissed by the county attorney on October 21, 1967. Thereafter appellants brought suit against respondents for false arrest and false imprisonment.

The sole issue here is whether or not the district court erred in granting respondents' motion for summary judgment.

Appellants note that the warrant involved was issued pursuant to section 54-112, R.C.M. 1947 (since repealed). That

- 2 -

statute was a unique statute governing the issuance of search warrants in narcotic cases. It provided in part:

> "If upon the sworn complaint of any person, it shall be made to appear to any judge of the district court that there is probable cause to believe that narcotic drugs are being * * * kept contrary to law, such judge shall * * * issue a warrant directed to any peace officer in the county commanding him to search the premises designed and described in such complaint and warrant, and to seize all narcotic drugs there found * * *. No warrant shall issue to search a private dwelling occupied as such * * *."

Appellants argue that from the very face of the warrant, it was obvious the justice of the peace had exceeded his jurisdiction in issuing the warrant and that respondent peace officers were bound to know that such a search warrant was void and that if they executed the same they did so at their peril. Having been placed in jail, appellants argue the only defense to this action of false imprisonment was that it was done (1) based on the advice of the county attorney and (2) pursuant to a search warrant, and these are questions of fact so summary judgment should not have issued.

First, we note the search warrant was valid on its face as to the respondent peace officers when it was shown to them by the county attorney when he ordered them to assist in the search. It was not until over a year and a half later when this Court in State v. Langan, 151 Mont. 558, 445 P.2d 565, held that only a district court judge could issue a search warrant for narcotics, that the validity of the search warrant in the instant case was determined. It is this Court's opinion that it would put too great a burden on law enforcement officers to make them subject to damages every time they miscalculated in what a court of last resort would determine constituted an invasion of constitutional rights.

Under a fact situation similar to the instant case, the

- 3 -

federal court in Daly v. Pedersen, 278 F.Supp. 88, 93, (D.Minn. 1967) had this to say regarding a civil rights action against two sheriff's officers:

> "'It would require law enforcement officers to respond in damages every time they miscalculated in regard to what a court of last resort would determine constituted an invasion of constitutional rights, even where, as here, a trial judge-- more learned in the law than a police officer-- held that no such violation occurred.

> "' * * *

> "'So long as the defendant's conduct stemmed from his reasonable belief as to the requirements of the law and was not unreasonable in any other way, he cannot be held responsible--under the standard of liability set forth in Monroe v. Pape--for the deprivation of plaintiff's rights. "No one has a constitutional right to be free from a law officer's honest misunderstanding of the law or facts in making an arrest". [Citing case] Thus, the action of a police officer cannot be tortious when the officer proceeds on the basis of his reasonable, good faith understanding of the law and does not act with unreasonable violence or subject the citizen to unusual indignity. The facts alleged in the complaint demonstrate conclusively that the defendant could not reasonably have forseen that a deprivation of constitutional rights might have resulted from his conduct. Under such circumstances, the complaint must be dismissed.'"

See also: Harri v. Isaac, 111 Mont. 152, 107 P.2d 137; Wheeler v. Moe, 163 Mont. 154, 515 P.2d 679, 30 St.Rep. 985; Meinecke v. McFarland, 122 Mont. 515, 206 P.2d 1012.

Here, the search warrant was prepared and obtained by the county attorney; service was not made by respondents though they participated in the raid; they were not involved in appellants' arrest although respondent Anderson, as sheriff, was statutorily bound to hold appellants in jail until they made bond.

There being no genuine issue as to any material fact we find the district court properly granted summary judgment.

_____John Conway Harrison_____
Justice

- 4 -

We concur:

_____
Chief Justice

_____

_____
Justices

- 5 -