KRIEGLER, J., Concurring.
I concur in the result, but not the reasoning, of the majority opinion. The appellate record conclusively demonstrates that defendant Nicholas J. Mora misappropriated $372,039.01 from plaintiff Welco Electronics, Inc. The trial court characterized Mora’s version of events as “absolutely nonsense,” “difficult to listen to,” and “absolutely ludicrous.” But the ultimate conclusion articulated by the court was not that there was a conversion of the balance of a credit card account; instead, the court quite accurately described Mora’s conduct as a “theft,” finding that Mora “stole the money,” and he conspired with codefendant Natalie Anderson “in committing theft and committed a theft in the amount of $372,039.01.” I would affirm the judgment on the basis of the trial court’s finding of theft.
This case was tried on the straightforward theory that Mora committed a series of thefts, in differing amounts and at various times, from Welco. Although labeled a cause of action for conversion, Welco alleged in part that Mora and Anderson “took the property described above from plaintiff’s possession without its consent or knowledge . . . .” It was alleged that Welco “was, and still is, the owner, and was and is, entitled to possession of the following personal property, namely, cash in the sum of $376,142.70.” In closing argument, Welco’s counsel stated: “The long and short of it is the *219 money was converted. He is responsible for the conversion of the money. He received the money, and it’s a strict liability tort.” (Italics added.) In other words, Welco’s theory had nothing to do with conversion of the balance of its credit card.
We are required to liberally construe Welco’s complaint to effect substantial justice. (Code Civ. Proc., § 452.) Regardless of the label attached to a pleading, “ ‘[a] party is entitled to any and all relief which may be appropriate under the scope of his pleadings and within the facts alleged and proved, irrespective of the theory upon which the facts were pleaded, [or] the title of the pleading ....’” (Cooper v. State Farm Mutual Automobile Ins. Co. (2009) 177 Cal.App.4th 876, 904 [99 Cal.Rptr.3d 870], quoting Potrero Homes v. Western Orbis Co. (1972) 28 Cal.App.3d 450, 456 [104 Cal.Rptr. 633].) “We have the power, as a reviewing court, to disregard the ‘mislabeling’ of causes of action, where supported by the record. (Thrifty-Tel, Inc. v. Bezenek (1996) 46 Cal.App.4th 1559, 1566 [54 Cal.Rptr.2d 468] . . . .)” (Hernandez v. Lopez (2009) 180 Cal.App.4th 932, 938 [103 Cal.Rptr.3d 376] (Hernandez).)
My colleagues go to great lengths to conclude Mora’s conduct constituted a conversion based on the theory—not alleged in the complaint or asserted on appeal until prompted by a letter from the court—that a conversion occurred because Mora took Welco’s right to a balance in its credit card. I see no need to engage in that analysis. “Suffice it to say, defendants may not appropriate” Welco’s property by engaging in 50 to 60 unauthorized credit card transactions “without having to answer legally . . . .” (Hernandez, supra, 180 Cal.App.4th at p. 940.) The record establishes that Mora stole money using Welco’s credit card account, and his conduct “amounted to the embezzlement thereof.” (Vujacich v. Southern Commercial Co. (1913) 21 Cal.App. 439, 442 [132 P. 80].) I would affirm the judgment on this basis—Welco effectively alleged and proved, and the trial court found, that Mora committed theft of $372,039.01.
Treating Welco’s claim as one of theft of money avoids the further problem created by the majority’s analysis of the requirement that conversion of money requires the identification of a sum certain. California law has recognized liability for conversion of money in limited circumstances: there must be a sum certain and the holder of the money must do so in trust, for the benefit or another, or for his principal’s account. (Haigler v. Donnelly (1941) 18 Cal.2d 674, 681 [117 P.2d 331].) “A cause of action for conversion of money can be stated only where a defendant interferes with the plaintiffs possessory interest in a specific, identifiable sum, such as when a trustee or agent misappropriates the money entrusted to him.” (Kim v. Westmoore Partners, Inc. (2011) 201 Cal.App.4th 267, 284 [133 Cal.Rptr.3d 774].)
*220 It has been held that where a defendant comes into possession of “various sums” of money, “without any indication that it was held in trust” for the plaintiff, there is no cause of action for conversion. (Software Design & Application, Ltd. v. Hoefer & Arnett, Inc. (1996) 49 Cal.App.4th 472, 485 [56 Cal.Rptr.2d 756].) The rule was stated in McKell v. Washington Mutual, Inc. (2006) 142 Cal.App.4th 1457 [49 Cal.Rptr.3d 227] as prohibiting a cause of action for conversion of money where “plaintiffs did not allege that defendants were holding their payments on behalf of another, in essence in trust for the third party vendors.” (Id. at p. 1491.)
Mora did not receive a fixed sum of money in an agency, fiduciary, or trust relationship with Welco. Mora took a variety of sums, over a period of time, by use of multiple larcenous transactions. I would affirm the judgment on that basis.
A petition for a rehearing was denied February 19, 2014.