**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: ROBERTS LITIGATION,<br><br>_____<br><br>SHERRI ROBERTS,<br><br>        Plaintiff-Appellant,<br><br>  v.<br><br>RANDY ELLIOTT; JIM SCOTT; HAWK HAAKANSON,<br><br>        Defendants-Appellees. | No.   15-35404<br><br>D.C. Nos.   1:13-cv-00026-SEH<br>              1:14-cv-00016-SEH<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Submitted June 14, 2017[**]
Seattle, Washington

Before: BYBEE, M. SMITH, and CHRISTEN, Circuit Judges.

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Sherri Roberts, a non-Indian, was arrested twice pursuant to bench warrants issued by the Northern Cheyenne Tribal Court. She brought a *Bivens* action against three Bureau of Indian Affairs law enforcement officers (BIA Officers), alleging that both arrests violated her Fourth and Fifth Amendment rights. She also brought a Federal Tort Claim's Act (FTCA) claim against the United States for the second arrest,[1] alleging false arrest, false imprisonment, and negligent infliction of emotional distress. The district court granted summary judgment against Roberts on all claims. We affirm.

1.      The district court correctly granted summary judgment against Roberts on the Fourth and Fifth Amendment claims on the ground that the BIA Officers had qualified immunity. Government officials' conduct is shielded from liability for civil damages when it "does not violate clearly established . . . constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Roberts is correct that tribal courts do not have inherent criminal jurisdiction over non-Indians. *Oliphant v. Suquamish Indian Tribe*, 435 U.S. 191, 212 (1978), *superseded by statute on other grounds as stated in United States v. Lara*, 541 U.S. 193 (2004). However, Northern

---

[1] There is no dispute that she filed her FTCA claim based on the first arrest outside the statute of limitations.

Cheyenne Tribal Court Rule of Criminal Procedure 9(B)(3) allows for non-Indians to consent to personal jurisdiction in the tribal court for criminal proceedings. The Supreme Court has not addressed the interaction between *Oliphant*'s rejection of inherent criminal jurisdiction over non-Indians and a non-Indian's ability to waive the question of personal jurisdiction before the tribal court in criminal matters. The extent to which a non-Indian may consent to tribal jurisdiction is not settled law. *Smith v. Salish Kootenai Coll.*, 434 F.3d 1127, 1136–40 (9th Cir. 2006) (en banc) (discussing non-tribal member consent to jurisdiction in civil suits).

Because the BIA Officers did not violate clearly established constitutional law when they arrested Roberts pursuant to a facially valid warrant issued by the tribal court, they are entitled to qualified immunity. The officers' good faith reliance on the facially valid warrant was not unreasonable. *See Baker v. McCollan,* 443 U.S. 137, 143–45 (1979) (detention pursuant to a valid warrant for a time not unduly long not actionable under § 1983); *Erdman v. Cochise Cty., Ariz.*, 926 F.2d 877, 882 (9th Cir. 1991) (detention pursuant to a facially valid bench warrant not a constitutional violation). Even if the BIA Officers knew Roberts was non-Indian, given the tribal court rules provide for waiver of lack of personal jurisdiction over non-Indians, the BIA Officers did not act unreasonably in: (1) assuming the tribal court had jurisdiction when it issued the warrant and (2)

3

subsequently executing the warrant. *See Arnsberg v. United States*, 757 F.2d 971, 981 (9th Cir. 1985).

2.    The district court correctly granted summary judgment against Roberts on the FTCA claims alleging false arrest, false imprisonment, and negligent infliction of emotional distress because Roberts's second arrest was made pursuant to facially valid warrant.  Under Montana law, to establish a false imprisonment or false arrest claim, the plaintiff must demonstrate: (1) "the restraint of an individual against [her] will, and [2] the unlawfulness of the restraint." *Kichnet v. Butte-Silver Bow Cty.*, 274 P.3d 740, 745 (Mont. 2012).  The second element cannot be satisfied, because the relevant arrest and detention occurred pursuant to a facially valid warrant. *Id.* ("It is well-settled that a court's determination of probable cause is a complete defense to a claim of false arrest or imprisonment . . .").  The bench warrant was issued pursuant to the tribal judge's correct determination that Roberts failed to appear at a status conference, which established probable cause to arrest her.  Even if Roberts is correct that the warrant was not actually valid, that does not dispute the facial validity of the warrant in the eyes of the arresting officers for the purpose of the tort analysis. *Strung v. Anderson*, 529 P.2d 1380, 1381 (Mont. 1975).  Thus, the lawful arrest is a "complete defense" to Roberts's false arrest or imprisonment claims.

In Montana, "[a] cause of action for negligent infliction of emotional distress will arise under circumstances where serious or severe emotional distress to the plaintiff was the reasonably foreseeable consequence of the defendant's negligent act or omission." *Sacco v. High Country Indep. Press*, 896 P.2d 411, 425 (Mont. 1995). The BIA Officer did not engage in a "negligent act or omission." As explained above, the BIA Officer's reliance on the warrant issued by the tribal court was reasonable.

**AFFIRMED.**