# Messer-Moore Insurance & Real Estate Co. *v.* Trotwood Park Land Co.

*Assumpsit.*

(Decided Feb. 10, 1910. Rehearing denied Jan. 14, 1911. 54 South. 228.)

1. *Principal and Agent; Individual Interest of Agent.*—An agent may be held to account for any profits or advantages secured by reason of his agency.

2. *Corporations; Liability of Agent; Joint Liability.*—The Park association engaged the insurance and real estate company to sell certain realty for it, but the sale was actually made by M. who was president of the realty company, and had authority to make the sale, and M. paid over to his corporation commercial paper representing a part of the profits which belonged to the Park association, knowing that such amount did not belong to him or his corporation. Held, that M. was jointly liable with the corporation either in an action on the contract or in tort, for the amount so wrongfully paid over to his corporation in breach of the confidential relations resulting from the agency although he did not retain any of the money or the commercial paper representing it.

(Simpson and Evans, JJ., dissent in part.)

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. O. LANE.

Action by the Trotwood Park Land Company against the Messer-Moore Insurance & Real Estate Company, and Messer for money had and received. Judgment for plaintiff and defendant appeals. Affirmed.

S. D. & J. B. WEAKLEY, EDWARD T. WRIGHT, and N. L. MILLER, for appellant.. Before the agent can be held responsible he must be given notice of an election to hold him responsible before he pays the money over to the principal.—*Eufaula G. Co. v. Mo. Bank,* 118 Ala. 408; *Crutchfield v. Wood,* 16 Ala. 702; *Norsworthy v. Upchurch,* 15 Ala. 705; *Thompson v. Stickney,* 6 Ala.

579. The court erred in rendering judgment against either of the defendants, as the action was a joint cause of action and one of the defendants was not liable, and hence, a variance arose.—*McIsaac v. Witz*, 120 Ala. 412; *Garrison v. Hawkins L. Co.*, 111 Ala. 308; *McAnally v. Hawkins L. Co.*, 109 Ala. 397; *Cobb v. Keith*, 110 Ala. 614. Under the circumstances of this case the judgment must be reversed in toto.—Authorities supra, and *Massey v. Oates*, 39 Ala. 142; *Huckabee v. Nelson*, 54 Ala. 12.

FRANK S. WHITE, & SONS, for appellee. The action was properly brought.—*King v. Martin*, 67 Ala. 177; *Planters Bank v. Tunstall*, 72 Ala. 142; *Barnett v. Warren*, 82 Ala. 557; *Rushton v. Davis*, 127 Ala. 79. A secret profit made by an agent may be recovered by his principal in an action for money had and received.— *Humbird v. Davis*, 59 Atl. 1082. An agent will not be allowed to assume a position which is inconsistent with his duty, or to acquire any rights by violating it.— Clark & Skyles on Agency, Sec. 404, 407; *Waller v. Jones*, 107 Ala. 341; *Scottish U. I. Co. v. Dangey*, 103 Ala. 388; *Spratt v. Wilson*, 94 Ala. 608; *Walker v. Palmer*, 24 Ala. 358. There is no such thing as principal and agent in wrong doing. All torts feasors are principals.—*Lee v. Matthews*, 10 Ala. 682; *Jones v. Fort*, 36 Ala. 449; *Mayer v. Thompson Co.*, 104 Ala. 611; *Luling v. Shepherd*, 112 Ala. 588. Under the facts contended for by the defendant Moore was a sub-agent for the company, and acted for it, and is bound by the same rule and principles as govern agents.—1 A. & E. Enc. of Law, 1049; 47 L. R. A. 529; 78 Am. Dec. 192; 57 N. Y. 445; 16 W. Va. 32.

[Messer-Moore Insurance & Real Estate Co. v. Trotwood Park
Land Co.]

McCLELLAN, J.—This cause of action, set forth in
counts for money due on an account, or an account
stated, and for money received by defendants to' plain-
tiff's (appellee's) use, proceeds, as appears from the
evidence, on the theory that the Messer-Moore Insur-
ance & Real Estate Company, a corporation, of which
the other defendant, Messer, was the president and ac-
tive representative in sales of real estate, secured in
breach of good faith, and loyalty, a profit in a transac-
tion for the sales of a part of plaintiff's "Trotwood
Park" property while acting as the agent of plaintiff
in the sale of said property. The theory and form of
the action are good.—31 Cyc. 1434 et seq., 1608, 1609,
and notes thereon. A breach of duty and obligation
created by the relation of confidence existing between
principal and agent is involved, and, if the agent ac-
quires profits, advantages, etc., during the existence of
the relation, he may be held as a trustee and compelled
to account or surrender in accordance with the law's re-
quirements in such cases.

There are only two questions, based on proper assign-
ments, argued here. There was severance, both defend-
ants having appealed. The corporation complains that
no relation of agency was shown to exist with reference
to the sale—transaction—out of which the alleged
breach of good faith and loyalty grew. The court be-
low, determining the issues of fact without a jury, re-
solved that issue against the appellant corporation.
Subsequently, in disposing of the motion for new trial,
the court again declined to adopt the stated insistence
of nonagency.

It will serve no usful purpose to attempt a discus-
sion of the evidence on this matter of agency vel non.
All of it has been carefully read and considered, and,
after this, this court is not convinced that the trial

court erroneously concluded. There was evidence tend-
ing to show the agency of the corporation in accord
with plaintiff's theory of right to recover. Besides,
there was also evidence tending to establish a want of
candor, good faith and loyalty in respect of the "op-
tion" secured from plaintiff by the defendant corpora-
tion, through its president. That that means was em-
ployed to obscure and conceal the real purpose enter-
tained also finds support in tendencies of the evidence.
The correctness of the conclusion below, in that par-
ticular, cannot be here disputed without ignoring evi-
dence well calculated to lead the trial court to the opin-
ion entertained by it.

The only other point of attack on the correctness of
the judgment rendered is that there was an entire want
of evidence tending to show that Messer individually
ever had, in possession, the profit sought to be recover-
ed, or, if so, that it was shown that he had paid it to
the corporation; and that error affects the whole judg-
ment in consequence of the failure to show a liability on
Messer, the individual sued. In support of this con-
tention a number of our cases are cited and may be
found on briefs for both appellants.

Further, on the authority of *Eufaula Grocery Co. v.
Mo. National Bank,* 118 Ala. 408, 24 South. 389, it is
urged, to state it quite generally, that the plaintiff, a
principal, was bound to an election to hold the prin-
cipal of Messer's agency, viz., the corporation or Mes-
ser, that corporation's agent, and that an election to
hold one renounced all remedy against the other. As-
suming plaintiff's theory to have been sustained in the
finding of fact, it is quite clear that the bad faith, to-
ward plaintiff, characterizing the acts of the Messer-
Moore Company were committed through and by Mes-
ser alone. He managed the whole affair. He was, for

all practical purposes, the agent of the Messer-Moore
Company, and there is no denial of his authorization in
the premises. The active promoter of the breach of good
faith, why may he not be held responsible, jointly with
the Messer-Moore Company, for the profits retained
from plaintiff at the expense of good faith and deliv-
ered by him to the Messer-Moore Company? Messer,
acting for the company, received the money or its equiv-
alent, knowing that the excess over $18,000, less the
$250 already paid, and fair compensation to the Messer-
Moore Company for its services in the premises, should
have been paid over to the plaintiff. Can he claim ex-
emption from his intimate participation in the bad faith
charged on the ground that he has none of the money?
If so, his own acts, through and by which alone his com-
pany touched the transaction and thereby increased its
income, would be the exoneration from joint liability to
restore that, in breach of good faith, retained. There
is no basis for holding Messer innocent after he had
placed the fund, in excess, to the company's credit. His
attitude, exhibiting in fact, that by his company, was
that the excess belonged to his company. He denied its
agency in the transaction when subsequently dealing
with plaintiff, though affirming that agency, some of
the evidence shows, when negotiating the sale to Dabb.
To now permit him, on this theory of proof, to avoid
joint responsibility for a breach of the obligation of a
confidential relation, a wrong wrought by him for and
in the name of his codefendant, on the ground that he
had none of the fruits of the wrong would be palpably
unjustifiable. His acts deprive plaintiff of the excess
claimed, and he cannot exonerate himself from liability
by the fact that the company of which he was the exec-
utive head, and, in this instance, its sole voice and in-
strument, has the fund that in equity and good con-

science belongs to plaintiff. No line can be drawn between them. They are interwoven in wrongful act and benefit therefrom.

In *Eufaula Grocery Co. v. Mo. National Bank, supra,* the question was one of agency, purely, wholly free from any such bad faith as that which the testimony here tends, in some aspect, to color the transaction involved. The doctrine of election announced in that decision had no factor of bad faith to influence the conclusion.

The judgment is affirmed.

DOWDELL, C. J., and SIMPSON and MAYFIELD, JJ., concur.

On Response to Application for Rehearing.

MAYFIELD, J.—Movants, on this application, have entirely misconceived the true nature of the cause of action, and have confounded it with the action itself. The cause of action is in tort, but the action itself is in contract. The tort is a deceit, consisting of obtaining plaintiff's money by active, actual, and intentional fraud. The action is in contract merely to recover back the money from those who so wrongfully procured it. If the plaintiff's evidence is true, and the trial court so found, certainly in part, such finding being by this court affirmed on appeal, the tort or cause of action was committed by both of the defendants; by one, because he committed the wrong, and by the other, because the wrong was committed by its agent, and also because it received the fruits of the wrong. But it should be said here that defendants and their counsel deny any wrong or fraud.

If Messer had received the fruits of his own wrong he would be liable in this action; but he seeks to escape

[Messer-Moore Insurance & Real Estate Co. v. Trotwood Park Land Co.]

liability solely because he did not receive the fruits of his own wrong, and that no actual money and no negotiable paper representing it actually passed through his hands. No actual money of the plaintiff's—that is, currency or specie—passed through the hands of any one, but commercial paper which represented its money, the proceeds of the sale of its property, wrongfully procured by the defendants, did pass through the hands of both, and nominally went to the credit of one of the defendants. The other defendant, an individual, was the alter ego of the one (a corporation) receiving the proceeds. No one represented the Messer-Moore Company except Messer, who was its president. He was the sole individual who prepetrated the wrong complained of. He was the alter ego of the corporation. He cannot be allowed to escape liability in this action merely because the paper which represented plaintiff's money was made payable, at its procurement, to his principal or to third parties. Of course, as a matter of fact, he has not now, and never has had, any actual money of the plaintiff's, but he has had that which represented it, and which was a mercantile substitute for it. It is no defense for him to say in this action, "I have not your money, I paid it over to my principal." The answer is, he knew it was plaintiff's money, when he procured the substitute for it, and when he paid it over to his principal. This renders him liable for the money as well as for the tort. The Supreme Court of New Jersey, in the case of *Bocchino v. Cook*, 67 N. J. Law, 468-469, 51 Atl. 487, has stated the law in a similar case and in a similar action very concisely, and we therefore quote from that court: "It was argued that the defendant was only the agent, receiving no benefit, and that there was no promise, no contract implied on which this action can be maintained. When one extorts money from another,

and is sued for it, he cannot set up in defense that he received the money as agent, and has paid it over to another as principal. The relation of principal and agent cannot exist for any such purpose. He himself received the money. The following rules are laid down in 1 Am. & Eng. Encyc. L. (2d Ed.) 1131, 1136: Where money is illegally demanded and received by an agent from a third person, by compulsion or otherwise, the agent cannot exonerate himself from personal liability by paying it over to his principal. Where the injury results, not from mere nonfeasance or omission of duty by the agent, but from his positive misfeasance, or where, according to the better authority, it results from such omission of duty or act of negligence on the part of the agent as partakes of the character of a misfeasance, the agent is personally liable to the third person; the actual perpetrator of the positive wrong not being permitted to relieve himself by showing that the wrong was done while he was acting in the course of his employment as agent for another. In all such cases he is personally liable, whether he did the wrong intentionally or ignorantly by authority of his principal; for a principal cannot confer on his agent any authority to commit a tort upon the rights or property of another. An agent will be held personally liable to third persons for all damages sustained by them in consequence of any fraudulent or malicious acts committed by him on behalf of his principal, and in an action against the agent for fraud, the fact that he derived no personal profit or benefit therefrom is immaterial.—*Horner v. Lawrence*, 37 N. J. Law, 46. In *Bennett v. Ives*, 30 Conn. 329, it was held: 'The actual perpetrator of a positive and obvious wrong can never exonerate himself from personal liability by showing that he was acting as the agent or servant of another, or even by his supe-

rior's command.'—*Carew v. Rutherford,* 106 Mass. 1, 8 Am. Rep. 287. The money received by the defendant in this case can be regarded only as received for his own benefit, because he could not be employed as agent to extort in the manner he did for the benefit of a principal. The actions in *Bennett v. Ives* and *Carew v. Rutherford, supra,* were both for money had and received, and we think that the action in this case was in proper form."

The rule is well illustrated by our own case of *Upchurch v. Norsworthy,* 15 Ala. 705, relied on by appellant. In that case, the defendant, an agent, was sought to be held liable as for the value of certain slaves and certain cotton which he, as agent, had converted, and the proceeds of which he had paid over to his principal. He was held liable as for the slaves, but not liable as for the cotton, which his principal had converted, and as to which he had acted as a mere conduit to bring the money to his principal after the conversion was complete. In the latter case he did no wrong, and received no benefit from his principal's wrong, and of course he was not liable. In the first case he himself converted the property, though under orders and directions of his principal, and he was therefore liable; and the fact that he received no benefit was wholly immaterial.

It therefore follows that the recovery was properly had as against both defendants. They both committed the wrong, and one received the fruits of it—did so by the wrongful act of its agent. The principal being unable to authorize the fraudulent act, or the payment of the money to it instead of the plaintiff, and the agent committing both wrongs, with full knowledge of all the facts, he is liable to the same extent and in the same actions as would be his principal, and therefore jointly liable with his principal either in tort or in contract.

We concede that the agent would not be liable in this action, if the principal could have authorized him to do what he did, or if plaintiff's injury had been the result of wrong committed by the principal instead of by the agent, or if it had been the result of a mere non-feasance of duty owed by the agent to his principal, and not (as in this case) the result of malfeasance on the part of the agent as to the plaintiff, and an act which the principal could not authorize.

The application is overruled.

DOWDELL, C. J., and ANDERSON, McCLELLAN, and SAYRE, JJ., concur. SIMPSON and EVANS, JJ., dissent.


