This action was brought by the plaintiff, Georgia H. Williams, against Prudential Insurance Company of America (hereinafter Prudential) and Clennon Kasal, an agent for Prudential. This appeal concerns only the dismissal of the agent, Kasal, by the trial court.
Prudential issued a life insurance policy in the face amount of $10,000 on the life of William L. Appling. Georgia H. Williams was the named beneficiary on that policy. Appling died in April of 1981.
The defendant Kasal, following the death of the insured, contacted the named beneficiary, *Page 1009 
Williams, and allegedly represented to her that the policy was in full force and effect, that the face amount of the policy would be paid, and that it was necessary for her to surrender to him the policy in order to make a claim for the benefits. Subsequently, Prudential refused to pay Williams on the basis of a lapse in premium payments by Appling.
The complaint included four causes of action. Cause of action one was for breach of contract against Prudential for the face amount of the policy ($10,000). Cause of action two was for conversion of the policy by Prudential for the face amount of the policy and an additional sum of $150,000 as punitive damages. Cause of action four was for Prudential's alleged bad faith refusal to pay, with damages claimed of $500,000.
The third cause of action, which is at issue here, was for fraud and deceit against both Prudential and Kasal, and claimed damages of $250,000. The complaint read:
 "Williams avers that at the time she surrendered physical possession of the Policy to Prudential as aforesaid Prudential, by and through its agent Kasal, represented to Williams that the Policy was in full force and effect at the time of the death of Appling and represented to Williams that the face amount of the Policy would be paid to Williams as the beneficiary thereof upon her making claim for such life insurance benefits and surrendering physical possession of the Policy to Prudential. Williams avers she made claim for the life insurance benefits and in reliance on such representation she surrendered physical possession of the Policy to Prudential as aforesaid. Williams further avers that at the time said representations were made that they were false and known to be false and were made without any present intention on the part of Prudential to pay to Williams the said life insurance benefits but were made with the intent to defraud and deceive Williams to obtain physical possession of the Policy and Williams was in fact defrauded and deceived and damaged by such false representations.
 "WHEREFORE, Plaintiff demands judgment against defendants in the sum of TWO HUNDRED FIFTY THOUSAND ($250,000.00) DOLLARS, plus cost."
On November 2, 1981, Kasal filed a combined motion to dismiss for failure to state a claim and motion to strike the claim for punitive damages. By order dated January 5, 1982, the trial court granted Kasal's motion to dismiss the complaint. The trial court directed entry of final judgment as to that dismissal, pursuant to Rule 54 (b), A.R.Civ.P., and Williams filed a notice of appeal.
Williams's cause of action is controlled by Code 1975, §§6-5-101 and 6-5-103:
 "Misrepresentations of a material fact made willfully to deceive, or recklessly without knowledge, and acted on by the opposite party, or if made by mistake and innocently and acted on by the opposite party, constitute legal fraud." Code 1975, § 6-5-101.
 "Willful misrepresentation of a material fact made to induce another to act, and upon which he does act to his injury, will give a right of action. Mere concealment of such a fact, unless done in such a manner as to deceive and mislead, will not support an action. In all cases of deceit, knowledge of a falsehood constitutes an essential element. A fraudulent or reckless representation of facts as true, which the party may not know to be false, if intended to deceive, is equivalent to a knowledge of the falsehood." Code 1975, § 6-5-103.
In determining whether plaintiff's complaint stated a cause of action under these sections we have held: "This [a Rule 12 (b)(6), A.R.Civ.P., motion to dismiss] is a motion which should seldom be granted and should only be granted when `it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' Conleyv. Gibson, 355 U.S. 41, 45 [78 S.Ct. 99, 101, 2 L.Ed.2d 80] (1958)." Jeannie's Grocery v. Baldwin County ElectricMembership Corp., 331 So.2d 665, 666 (Ala. 1976). Further, *Page 1010 
"Upon consideration of such a motion, the allegations of the complaint are construed in a light most favorable to the complainant, with all doubts and allegations resolved in his favor." Pruitt v. Pruitt, 343 So.2d 495, 497 (Ala. 1977). We have reviewed the plaintiff's complaint, applying these standards, and we hold that it was error for the trial court to grant Kasal's motion to dismiss for failure to state a claim.
The adoption of the Alabama Rules of Civil Procedure was accompanied by the abolition of the harsh rules of pleading that had been followed by our courts. B M Homes, Inc. v.Hogan, 376 So.2d 667 (Ala. 1979). This complaint was clearly adequate to put Kasal on notice of the nature of the claim against him. Further, we cannot say that there is no set of facts under which Kasal would be liable for the alleged misrepresentations. Since it is clear under our prior cases that in some instances an agent may be liable for torts committed in the scope of his employment, see, Messer-MooreInsurance Real Estate Co. v. Trotwood Park Land Co., 170 Ala. 473,54 So. 228 (1911), and since the complaint adequately covers the elements required for an action under §§ 6-5-101 and -103, we are of the opinion that the trial court erred in granting Kasal's motion to dismiss for failure to state a claim.
Appellee argues that even if it was error for the trial court to dismiss Kasal, it was error which did not injuriously affect plaintiff's substantial rights. Under Rule 45, Alabama Rules of Appellate Procedure, an error which does not injuriously affect the substantial rights of the parties does not require reversal. However, we are of the opinion that the erroneous dismissal of Kasal did prejudice the plaintiff's case. Kasal was allegedly acting as the agent of Prudential in this case; nonetheless, this would not necessarily relieve him of his individual liability.
The judgment is due to be reversed and the cause remanded.
REVERSED AND REMANDED.
MADDOX, JONES, SHORES and BEATTY, JJ., concur.