Chester Woods and Mamie Evelyn Woods, now deceased, filed a complaint in Mobile Circuit Court against M.H. Wilkins, individually and as division planning engineer of the Alabama Highway Department; Jim Wilson, individually and as division planning engineer of the Highway Department; J.F. Carraway, individually and as the acting design bureau chief of the Highway Department; and others not parties to this appeal, to recover for injuries they sustained as a result of an automobile accident. Each defendant was sued as an individual engaged in the design, construction, and/or approval of drainage systems for the shopping center located near the scene of the accident and/or of the improvement work whereby Moffat Road was widened near the scene of the accident.
Defendants Carraway, Wilkins, Wilson, and two other state employees moved for summary judgment on the grounds that they were immune from any liability and, further, that they were not negligent. The court granted this motion and entered a final summary judgment. Plaintiff appealed as to defendants Carraway, Wilson, and Wilkins.
We affirm. These defendants/appellees are public officials who acted within the general scope of their authority in performing functions that involve a degree of discretion. They are, therefore, entitled to discretionary function immunity in this action charging negligence in the design, or in the approval of a design, of a drainage system and improvement work on the highway, which the plaintiffs allege proximately caused the injuries made the basis of this litigation. Whether a particular defendant is engaged in a protected discretionary function, and is thereby immune from liability, is a question of law to be decided by the trial court. Barnes v. Dale,530 So.2d 770 (Ala. 1988).
The trial court correctly decided this question of law. Accordingly, its judgment is affirmed on the authority ofGrant v. Davis, 537 So.2d 7 (Ala. 1988).
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES, ALMON, BEATTY, ADAMS, HOUSTON and STEAGALL, JJ., concur.