646 So.2d 8 (1994)
Michael A. PATTON, Sr., individually and as father and next friend of Keeva Patton, a minor
v.
Julia BLACK.
1920926.
Supreme Court of Alabama.
August 5, 1994.
*9 Thomas C. Hollingsworth of Freeman, Hollingsworth & White, P.C., for appellant.
Donald B. Sweeney, Jr. and Leigh Hardin Hancock of Rives & Peterson, Birmingham, for appellee.
COOK, Justice.
Michael A. Patton, Sr., individually and as father and next friend of Keeva Patton, a minor, appeals from the dismissal of his negligence action against Julia Black, Keeva's physical education teacher. The trial court held that the action was barred by the discretionary function immunity given to teachers. We reverse and remand.
Patton sued Black for damages based on injuries sustained by Keeva while performing jumping and tumbling exercises. The complaint alleged that Black negligently failed to instruct Keeva, and negligently failed to instruct other students who were engaged in assisting Keeva and others, on the proper performance of such exercises; that she was negligent in being away from her class and leaving the class unsupervised while the students were performing such exercises: that her negligence proximately caused Keeva's injuries; and that she negligently failed to provide medical care for Keeva once it was determined that Keeva had been injured.
Restatement (Second) of Torts, § 895D (1979), adopted by this Court in Woods v. Wilson, 539 So.2d 224 (Ala.1988), states that public officials and employees are immune from liability while acting "within the general scope of their authority in performing functions that involve a degree of discretion." Id. at 225. This discretionary function immunity has been held to apply to teachers in W.L.O. v. Smith, 585 So.2d 22 (Ala.1991). The defendant argued that she was immune on this basis and that the action should be dismissed because, the defendant argued, the plaintiff alleged no facts in the complaint indicating that the defendant was performing a ministerial function as opposed to a discretionary function and no facts supporting the negligence claims. The trial court dismissed the action for failure to state a claim upon which relief may be granted.
The standard of review applicable to motions to dismiss is set forth in Ex parte City of Birmingham, 624 So.2d 1018, 1020 (Ala.1993), quoting Seals v. City of Columbia, 575 So.2d 1061, 1063 (Ala.1991):
"It is a well-established principle of law in this state that a complaint, like all other *10 pleadings, should be liberally construed, Rule 8(f), Ala.R.Civ.P., and that a dismissal for failure to state a claim is properly granted only when it appears beyond a doubt that the plaintiff can prove no set of facts entitling him to relief. Winn-Dixie Montgomery, Inc. v. Henderson, 371 So.2d 899 (Ala.1979). Stated another way, if under a provable set of facts, upon any cognizable theory of law, a complaint states a claim upon which relief could be granted, the complaint should not be dismissed. Childs v. Mississippi Valley Title Insurance Co., 359 So.2d 1146 (Ala.1978).
"Where a [Rule] 12(b)(6) motion has been granted and this Court is called upon to review the dismissal of the complaint, we must examine the allegations contained therein and construe them so as to resolve all doubts concerning the sufficiency of the complaint in favor of the plaintiff. First National Bank v. Gilbert Imported Hardwoods, Inc., 398 So.2d 258 (Ala.1981). In so doing, this Court does not consider whether the plaintiff will ultimately prevail, only whether he has stated a claim under which he may possibly prevail. Karagan v. City of Mobile, 420 So.2d 57 (Ala.1982)."
(Emphasis original.) The distinction between discretionary functions and ministerial functions is often cloudy and difficult to discern. While there is no single test to determine the discretionary or ministerial nature of a particular function, this Court has turned to Restatement (Second) of Torts, § 895D, cmt. f, to aid in its decision. It states in part:
"Attempts to solve the problem by setting forth a precise definition of the term `discretionary function' have been less than helpful.... [T]he court must weigh numerous factors and make a measured decision, on the basis of that assessment, both (1) whether the particular activity should be characterized as a discretionary function, and (2) whether the officer engaged in that activity should be entitled to full or limited immunity, a privilege, or a finding that he was not negligent."
See DeStafney v. University of Alabama, 413 So.2d 391 (Ala.1982). This Court has also held that such determinations must be made on a case-by-case basis, Grant v. Davis, 537 So.2d 7, 8 (Ala.1988), and that courts must focus on the process employed in making the determination. Smith v. Arnold, 564 So.2d 873, 876 (Ala.1990). Thus, it is the rare case involving the defense of discretionary immunity that would be properly disposed of by a dismissal pursuant to Rule 12(b)(6), A.R.Civ.P. This is not such a case, and the trial court erred in dismissing the complaint. It is not for this court to determine, based on the complaint, whether the plaintiff will ultimately prevail, but only if he may possibly prevail. It is conceivable that the plaintiff could prove a set of facts that would show that Black was performing a ministerial function as opposed to a discretionary one. Additionally, Black's claim that the complaint alleged no facts indicating that she was performing a ministerial function is not grounds for dismissing the complaint. Only fraud and mistake must be pleaded with particularity. Rule 9, A.R.Civ.P.
For the foregoing reasons, the judgment of the trial court is reversed and the cause is remanded.
REVERSED AND REMANDED.
HORNSBY, C.J., and SHORES, HOUSTON, KENNEDY and INGRAM, JJ., concur.
MADDOX, J., concurs in result.
MADDOX, Justice (concurring in the result).
I cannot tell from the record here whether the trial judge considered matters outside the pleadings in deciding to enter his judgment of dismissal; therefore, I concur in the result reached. I would point out, however, that the defendant, in her brief, says that "[w]hen the court granted defendant's motion to dismiss, the court had the information set forth in plaintiff's complaint, defendant's motion to dismiss, and plaintiff's reply," and that "[t]hese pleadings disclosed that [the defendant] Julia Black was involved in the case only in the exercise of a discretionary function as a physical education teacher."
*11 I was almost persuaded that the defendant was correct in her argument that this record shows that the plaintiff did not state any set of facts upon which relief could be granted, especially in view of the fact that this Court has broadened the application of the doctrine of qualified immunity for teachers, since the initial decision in DeStafney v. University of Alabama, 413 So.2d 391 (Ala.1981). See, Nance v. Matthews, 622 So.2d 297 (Ala.1993), Coyle v. Harper, 622 So.2d 302 (Ala.1993), and Kroger v. Davis, 622 So.2d 303 (Ala. 1993). In each of those cases it appears that the trial judge entered a summary judgment only after considering evidence outside the pleadings.
Based on the foregoing, I concur in the result only.