THIGPEN, Judge.
This case involves the dismissal of an action pursuant to Rule 12(b)(6), A.R.Civ.P. The case was transferred to this court by our Supreme Court pursuant to Ala.Code 1975, § 12-2-7.
In May 1995, Tammy Campbell filed a complaint against Danny Sims, individually and in his official capacity as a police officer for the City of Guntersville (City), and against the City. Campbell’s complaint contained several allegations, including false arrest, false imprisonment, assault and battery, and an unlawful search in violation of 42 U.S.C. § 1983. Campbell sought compensatory and punitive damages, and demanded a jury trial.
The action was removed to a federal district court in June 1995, wherein some claims were dismissed and the action was remanded to circuit court for a determination of Campbell’s state law claims. In August 1995, Sims and the City filed motions to dismiss, asserting, inter alia, that Campbell’s complaint failed to state a claim upon which relief could be granted. Further, Sims and the City asserted certain defenses, including several types of immunity. Additionally, the City contended that it had no liability for intentional state law claims brought against Sims, citing Ala.Code 1975, § 11-47-190. Thereafter, the trial court granted Sims and the *1229 City’s motions to dismiss, and Campbell appeals.
In her complaint, Campbell alleged that in the early morning hours of November 18, 1993, while she was driving her car in a parking lot, Sims pulled his police vehicle into a position behind her car, preventing her departure. She alleged that Sims ordered her to exit her car, and that when she attempted to explain, Sims told her “not to say anything.” She alleged that he then proceeded to search her, her ear, and her purse, without her permission or probable cause, and that she jerked her purse from Sims and tossed it back into her car. . Campbell alleged that after she objected to the search, she requested to see a search warrant and requested the right to contact her lawyer. She alleged that Sims grabbed her by the wrist and jerked both of her arms above her head, handcuffed her, and placed her in the rear seat of the police vehicle before he continued to search her car. She alleged that the only explanation that Sims provided was “suspicious vehicle.” She further alleged that after Sims released her from his vehicle, he ordered her to leave her car parked and arrange for other transportation home. Campbell contends that her car did not contain contraband before, during, or after Sims’s search.
The standard of review for a ruling on a motion to dismiss is well established. A motion pursuant to Rule 12(b)(6), A.R.Civ.P., “ ‘should seldom be granted and should only be granted when “it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.”’” Williams v. Kasal, 429 So.2d 1008, 1009 (Ala.1983). (Citations omitted.) Simply stated, “if under a provable set of facts, upon any cognizable theory of law, a complaint states a claim upon which relief could be granted, the complaint should not be dismissed.” Patton v. Black, 646 So.2d 8, 10 (Ala.1994). Further, the allegations contained in the complaint must be examined and construed so as to resolve all doubts concerning the sufficiency of the complaint in favor of Campbell. Patton, 646 So.2d 8; see also, Ex parte City of Birmingham, 624 So.2d 1018 (Ala.1993).
Public officials and employees are immune from liability when performing functions that involve a degree of discretion while acting within the general scope of their authority. See Woods v. Wilson, 539 So.2d 224 (Ala.1989); see also Restatement (Second) of Torts, § 895D (1979). It is often difficult to ascertain when a public officer is performing a discretionary function; therefore, it is rare when a case involving a defense of discretionary immunity is properly dismissed. Patton, 646 So.2d 8.
An officer may arrest a person without a warrant for a breach of the peace threatened in the presence of the officer or when a felony has been committed by the person arrested, although not in the presence of the officer. Ala.Code 1975, § 15-10-3(a)(l, 2). Additionally, a police officer may use reasonable force to effectuate the arrest and may be held liable only if more force is used than is necessary. See Ala.Code 1975, § 13A-3-27. In any event, “before any force can be used in making an arrest, probable cause must exist to make a lawful arrest.” Franklin v. City of Huntsville, 670 So.2d 848, 852 (Ala.1995).
Municipal liability may be imposed for the neglect, carelessness, or unskillfulness of agents of a municipality. Ala.Code 1975, § 1H7-190. Our Supreme Court has held that dismissal of an action by the trial court was improper where a plaintiff alleged false arrest and false imprisonment in a fact pattern that demonstrated “neglect, carelessness, or unskillfulness.” Franklin, 670 So.2d at 852.
Clearly, in the instant case, there are disputed facts and questions to be resolved by the trier of fact; therefore, we need not further address the specific claims of Campbell’s complaint nor analyze prior case law concerning resolution of these allegations. The scant record contains only pleadings, including Campbell’s complaint and the motions to dismiss, and a ease action summary. After reviewing the record, we cannot say that there is no set of facts under which Sims and the City would be liable. Campbell’s complaint is sufficiently specific to create *1230 questions of law and fact for a jury’s determination. It is not for this court to determine if the plaintiff will ultimately prevail, but only if she may possibly prevail. Patton, 646 So.2d 8.
Based on the foregoing, we conclude that the trial court improperly dismissed Campbell’s claims against Sims and the City. Accordingly, the judgment of the trial court is reversed, and the cause is remanded to the trial court for a trial on the merits.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and MONROE, J., concur.