On Rehearing Ex Mero Motu

LYONS, Justice.
The opinion of March 24, 2000, is withdrawn, and the following is substituted therefor.
*175 Jimmy Butts, James D. Martin, Ray Bass, Douglas “Mitch” Kilpatrick, Terry McDuffie, Bob Campbell, and John A. Hayles are defendants in a wrongful-death action pending in the Montgomery Circuit Court. The plaintiffs in that action are Wendy Phillips, as the administratrix of the estate of Randall “Lane” Phillips; Ann Williams, as the administratrix of the estate of Frank “Dee” Williams; and the two deceased men’s minor children, Dalton Phillips, Tanner Phillips, Haley Ann Williams, and Dee Ann Williams. The defendants petition for a writ of mandamus directing Judge Charles Price to dismiss the wrongful-death action as it relates to Martin in his official capacity, on the ground of State immunity, and as it relates to all of them in their individual capacities, on the ground of State-agent immunity. We grant the petition in part and deny it in part.
The Alabama Department of Conservation and Natural Resources (“ADOC”) owned a bridge over Lake Martin known as the Old Kowaliga Bridge (“the old bridge”). When a new Kowaliga Bridge was constructed to take the place of the old bridge, ADOC closed the old bridge to traffic and designated it for use as a public fishing pier. The old bridge fell into a state of disrepair, and ADOC decided to demolish it. ADOC solicited bids for the demolition project. The Alabama Department of Transportation (“ALDOT”) offered the lowest bid, at $67,681; ADOC accepted that bid. ALDOT formulated a plan and assembled a crew for the demolition project. During the demolition of the old bridge, however, it collapsed prematurely. Two ALDOT employees, Randall Phillips and Frank Williams, who were working on the old bridge when it collapsed, died when pieces of the old bridge pinned them at the bottom of Lake Martin.
The widows of Phillips and Williams, acting as administratrices of their husbands’ estates, along with their minor children (hereinafter the widows and the minor children will be sometimes referred to collectively as “the families”), sued ADOC; ALDOT; Martin, the former director of ADOC; Butts, the former director of ALDOT; Bass, ALDOT’s chief engineer; Kilpatrick, ALDOT’s chief maintenance engineer; McDuffie, an assistant bridge-maintenance engineer for ALDOT; Campbell, an assistant bridge-maintenance engineer for ALDOT; and Hayles, the supervisor of the ALDOT work crew to which Phillips and Williams were assigned. Each of the individual defendants was sued in both his official capacity and his individual capacity. The families’ complaint alleged (1) that Butts had negligently or wantonly authorized the use of ALDOT personnel to demolish the bridge; (2) that Martin had negligently or wantonly allowed ALDOT to use unqualified personnel to demolish the bridge; (3) that the defendants had negligently or wantonly failed to halt the demolition project after discovering that insufficient funds had been allocated to the project; (4) that the defendants had negligently or wantonly hired, trained, and/or supervised the personnel assigned to demolish the bridge; (5) that Bass had negligently or wantonly submitted ALDOT’s bid for the project; (6) that Kilpatrick had negligently or wantonly developed the plan to demolish the bridge; (7) that McDuffie, Campbell, and Hayles had negligently or wantonly implemented the plan; and (8) that Kilpatrick, McDuffie, Campbell, and Hayles had negligently or wantonly assumed the duties of a “bridge and/or structural engineer,” without proper qualifications for those duties.
The defendants moved to dismiss the complaint, pursuant to Rule 12(b)(6), Ala. R.Civ.P., raising the defenses of sovereign and discretionary-function immunity, now referred to as “State immunity” and “State-agent immunity,” respectively. See Ex parte Cranman, [Ms. 1971903, June 16, 2000] — So.2d —(Ala.2000). On November 19, 1998, the trial court entered an order granting the motion as to ADOC and ALDOT, and as to Butts, Bass, Kilpatrick, *176 McDuffie, Campbell, and Hayles in their official capacities. The trial court denied the motion “as to the Defendants in their individual capacities.” On April 19, 1999, the defendants Martin, Butts, Bass, Kilpa-trick, McDuffie, Campbell, and Hayles (hereinafter sometimes referred to collectively as “the employees”) filed this petition for the writ of mandamus, contending that Martin is entitled to a dismissal of the families’ claims made against him in his official capacity, on the ground of State immunity, and that all of them are entitled to a dismissal of the families’ claims made against them in their individual capacities, on the ground of State-agent immunity.
I.
A writ of mandamus is an extraordinary remedy, and it “will be issued only when there is: 1) a clear legal right in the petitioner to the order sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) the lack of another adequate remedy; and 4) properly invoked jurisdiction of the court.” Ex parte United Serv. Stations, Inc., 628 So.2d 501, 503 (Ala.1993).
The families argue that we should dismiss the employees’ petition because, the families say, the defendants cannot show “the lack of another adequate remedy.” The families contend that the employees should have petitioned for permission to appeal an interlocutory order, pursuant to Rule 5, Ala.R.App.P. Rule 5 allows a party to petition this Court for permission to appeal from an interlocutory order that “involves a controlling question of law as to which there is substantial ground for difference of opinion” and as to which “an immediate appeal ... would materially advance the ultimate termination of the litigation and ... would avoid protracted and expensive litigation.” The party seeking permission to appeal pursuant to Rule 5 must do so within 14 days of the entry of the order from which it wishes to appeal. Here, the employees did not seek mandamus relief until five months after the trial court had entered its order denying a dismissal of the claims they complain of here.
This Court has held that a Rule 5 petition is an appropriate means by which a State agency or employee can seek appellate review of an order denying a claim of immunity. See Town of Loxley v. Coleman, 720 So.2d 907 (Ala.1998). However, this Court also has held that a petition for a writ of mandamus is an appropriate means for seeking review of an order denying a claim of immunity. Ex parte Alabama Dep’t of Forensic Sciences, 709 So.2d 455 (Ala.1997). Therefore, the families’ argument that Rule 5 provides the only means by which a claim of immunity can be reviewed is not well taken.
We note that this Court has amended Rule 21, Ala.R.App.P., to provide that a petition for a writ of mandamus must be filed within a “reasonable time,” and that “[t]he presumptively reasonable time for filing a petition seeking review of an order of a trial court shall be the same as the time for taking an appeal.” Under the rule as amended, a petition in a case such as this must be filed within 42 days of the order as to which the petitioner seeks a review unless the party can show good cause for delaying beyond the 42 days.[1] Rule 21 as amended, however, does not become effective until September 1, 2000. Presently, there is no time limit for filing a petition for the writ of mandamus, but unreasonable delay is a ground for dismissing such a petition. Ex parte John *177 son, 485 So.2d 1098 (Ala.1986). Here, the employees state that their initial counsel resigned from the Alabama Attorney General’s Office in December 1998 and that their present counsel did not become the lead attorney in the case until March 1, 1999. They contend that their present counsel filed the petition as soon as he could become familiar with their case. Under those circumstances, we do not consider the delay in filing the petition so unreasonable as to justify dismissing the petition.
II.
We next address Martin’s argument that the trial court should have dismissed the claims made against him in his official capacity, just as it dismissed the claims made against all the other employees in their official capacities. He clearly is correct. A complaint seeking money damages against a State employee in his or her official capacity is considered a com-, plaint against the State, and such a complaint is barred by Art. I, § 14, Alabama Constitution of 1901. Ex parte Alabama Dep’t of Forensic Sciences, 709 So.2d at 457. The wording of the trial court’s order suggests that the omission of Martin’s name from that portion of the order dismissing the claims against the other employees in their official capacities may have been merely an oversight. In any event, Martin is entitled to a writ of mandamus directing the trial court to enter an order dismissing the claims against him in his official capacity.
III.
We now consider the families’ claims made against the employees in their individual capacities. We emphasize that this mandamus petition asks for a writ directing the circuit judge to dismiss claims against the defendants, not to enter a judgment for them on the merits. As a general rule, a motion to dismiss “ ‘for failure to state a claim is properly granted only when it appears beyond a doubt that the plaintiff can prove no set of facts entitling him to relief.’ ” Patton v. Black, 646 So.2d 8, 10 (Ala.1994) (quoting earlier cases). In Patton, this Court discussed the standard of review applicable to the dismissal of a complaint stating claims against which the defendant raised the defenses of State-agent immunity:
‘“Where a [Rule] 12(b)(6) motion has been granted and this Court is called upon to review the dismissal of the complaint, we must examine the allegations contained therein and construe them so as to resolve all doubts concerning the sufficiency of the complaint in favor of the plaintiff. In so doing, this Court does not consider whether the plaintiff will ultimately prevail, only whether he has stated a claim under which he may possibly prevail.’
“... [I]t is the rare case involving the defense of [State-agent] immunity that would be properly disposed of by a dismissal pursuant to Rule 12(b)(6), [Ala.R.Civ.P.].”
646 So.2d at 10 (quoting earlier cases, including Fontenot v. Bramlett, 470 So.2d 669, 671 (Ala.1985) (emphasis in Fontenot) (citations omitted)).
In Ex parte Cranman, a plurality of this Court suggested the formulation of a new test for determining when State employees sued in their individual capacities are entitled to assert the defense of State-agent immunity:
“A State agent shall be immune from civil liability in his or her personal capacity when the conduct made the basis of the claim against the agent is based upon the agent’s
“(1) formulating plans, policies, or designs; or
“(2) exercising his or her judgment in the administration of a department or agency of government, including, but not limited to, examples such as:
“(a) making administrative adjudications;
*178 “(b) allocating resources;
“(c) negotiating contracts;
“(d) hiring, firing, transferring, assigning, or supervising personnel; or
“(3) discharging duties imposed on a department or agency by statute, rule, or regulation, insofar as the statute, rule, or regulation prescribes the manner for performing the duties and the State agent performs the duties in that manner; or
“(4) exercising judgment in the enforcement of the criminal laws of the State, including, but not limited to, law-enforcement officers’ arresting or attempting to arrest persons; or
“(5) exercising judgment in the discharge of duties imposed by statute, rule, or regulation in releasing prisoners, counseling or releasing persons of unsound mind, or educating students.
“Notwithstanding anything to the contrary in the foregoing statement of the rule, a State agent shall not be immune from civil liability in his or her personal capacity
“(1) when the Constitution or laws of the United States, or the Constitution of this State, or laws, rules, or regulations of this State enacted or promulgated for the purpose of regulating the activities of a governmental agency require otherwise; or
“(2) when the State agent acts willfully, maliciously, fraudulently, in bad faith, beyond his or her authority, or under a mistaken interpretation of the law.”
— So.2d at —. We today adopt this new test suggested in Cranman.
Given the question presented by this mandamus petition — whether the employees are entitled to an order dismissing the families’ claims made against them in their individual capacities, on the ground that as to those claims the families’ complaint does not state against them any claim upon which relief can be granted— we conclude that the employees have not shown that they have “a clear legal right ... to the order sought.” Ex parte United Serv. Stations, Inc., supra, 628 So.2d at 503. At first blush, it appears that some claims, such as those regarding the use of personnel, hiring and supervising personnel, and the formulation of the demolition plan, are due to be dismissed, pursuant to the Cranman test. However, if any employee failed to discharge duties pursuant to detailed rules or regulations, such as those stated on a checklist, or acted willfully, maliciously, fraudulently, in bad faith, beyond his authority, or under a mistaken interpretation of the law, then it is possible that that employee would not be entitled to State-agent immunity. As this Court stated in Patton, “[i]t is not for this court to determine, based on the complaint, whether the plaintiff will ultimately prevail, but only if he may possibly prevail.” 646 So.2d at 10. It is conceivable that the families could prove facts that would show that one or more of the employees failed to discharge duties pursuant to a checklist or acted willfully, maliciously, fraudulently, in bad faith, beyond his authority, or under a mistaken interpretation of the law. If so, the families “may possibly prevail” on their claims. Therefore, the trial court properly denied the employees’ motion to dismiss the claims stated against them in their individual capacities.
After the parties have had the opportunity to conduct discovery, the employees will have the opportunity to seek a summary judgment on the ground that they are entitled to State-agent immunity. If they make such a motion based on that ground and the trial court denies it, then they can again ask this Court to review their immunity claims, either by petitioning for permission to appeal, pursuant to Rule 5, Ala.R.App.P., or by petitioning for a writ of mandamus, pursuant to Rule 21, Ala.R.App.P.
IV.
We grant the petition to the extent it seeks a writ directing Judge Price to dismiss the families’ claims stated against *179 Martin in his official capacity. In all other respects, we deny the petition.
OPINION OF MARCH 24, 2000, WITHDRAWN; OPINION SUBSTITUTED; PETITION GRANTED IN PART AND DENIED IN PART; WRIT ISSUED.
HOOPER, C.J., and HOUSTON, BROWN, JOHNSTONE, and ENGLAND, JJ., concur.
COOK and SEE, JJ., concur in the result.
MADDOX, J., concurs in Parts I and II; and, as to Part III, concurs in the result, but dissents from the rationale.

. The Committee Comments to Rule 21, as amended, state:
"[W]here the petition for the writ of mandamus challenges an action of the trial court, the amended rule adopts as the presumptively reasonable time the 42-day period for appealing from a final judgment in a civil case, unless the time for appeal is shorter, pursuant to a rule or a statute (see, e.g., Rule 4(a)(1)), in which case the shorter time becomes the presumptively reasonable time.”