I concur as to Parts I and II. Regarding Part III, I concur in the result but dissent from the rationale. The state of the record in this case is similar to the state of the record inPatton v. Black, 646 So.2d 8 (Ala. 1994). In Patton, I stated, "I was almost persuaded that the defendant was correct in her argument that [the record showed] that the plaintiff did not state any set of facts upon which relief could be granted . . . ." 646 So.2d at 11 (Maddox, J., concurring in the result). That is the situation I find myself in with this case; consequently, I concur in the result reached by the majority in Part III, as I did inPatton, 646 So.2d at 10. However, because the majority adopts the formulation of the test for determining when State employees sued in their individual capacities are entitled to assert the defense of State-agent immunity, that was set out in Ex parteCranman, [Ms. 1971903, June 16, 2000], ___ So.2d ___ (Ala. 2000), I must respectfully dissent from the rationale of Part III. Therefore, as to Parts I and II, I concur; but as to Part III I concur in the result but dissent from the rationale.